UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GWEN ROBINSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17CV2018 JCH |
| ) | |
| JANSSEN PHARMACEUTICALS, ) | |
| INC., f/k/a ORTHO-MCNEIL- ) | |
| JANSSEN PHARMACEUTICALS, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on Plaintiffs' Second Motion to Remand, filed August 2, 2017. (ECF No. 12). By way of background, Plaintiffs filed this action in Missouri state court, claiming personal injuries resulting from the design, development, testing, packaging, distribution, marketing, and selling of the drug products Risperdal and/or Invega. The sixty-seven Plaintiffs are citizens of a number of states, including Missouri, Pennsylvania, and New Jersey.

For purposes of this case, Defendant Janssen Pharmaceuticals, Inc., is a citizen of Pennsylvania and New Jersey. Defendant Johnson & Johnson is a citizen of New Jersey. Defendant Janssen Research & Development, LLC, is a citizen of

Pennsylvania. Defendant Patriot Pharmaceuticals, LLC, is a citizen of Pennsylvania.

Defendants first removed this case on March 9, 2017, based on diversity jurisdiction under 28 U.S.C. § 1332(a). The Court found that subject matter jurisdiction was lacking, and remanded the case on April 10, 2017. On July 19, 2017, Defendants removed this case for a second time, asserting that all of the non-Missouri Plaintiffs should be dismissed from the case, and that the Court's diversity jurisdiction then would apply to the remaining Missouri Plaintiffs' claims.

Defendants' impetus for this second removal was the United States Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773 (2017). In that case, the Supreme Court held that state courts lack specific jurisdiction over nonresident plaintiffs' claims that have no connection to the forum where the lawsuit is filed, even if those plaintiffs join their claims with in-state plaintiffs. In addition, Defendants cite cases from this Court, *Jordan v. Bayer Corp.*, No. 4:17CV865 CEJ (E.D. Mo. July 14, 2017), and *Siegfried v. Boehringer Ingelheim Paramceuticals, Inc.*, No. 4:16CV1942 CDP (E.D. Mo. June 27, 2017), in which the claims of non-resident plaintiffs were

dismissed based on the *Bristol-Myers* decision.[1]  These cases did not involve the issue of removal under 28 U.S.C. § 1446(b)(3).

Defendants' legal ground for their second attempt to remove this case is the changed circumstances exception to the time limitation for removal set forth in 28 U.S.C. § 1446(b).  Under that statute, a case must be removed within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  *See* 28 U.S.C. § 1446(b)(1).  When an initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Defendants assert that because they changed the legal landscape, by making clear that specific jurisdiction over the non-Missouri Plaintiffs does not exist, the ruling in *Bristol-Myers* qualifies as an order and/or other paper, and thus triggers a new 30-day period for removal under section 1446(b)(3).  The orders and other

---

[1] There is currently a motion for reconsideration pending in *Jordan*.

paper exception is predominately limited to orders and other paper issued in the individual case that is being removed, however. Orders and rulings in separate cases with different parties do not trigger the recommencement of the 30-day time limit. *See Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007) ("If Congress had intended new developments in the law to trigger the recommencement of the thirty day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within a case."); *Erhart v. Bayer Corp.*, No. 4:17CV1996 SNLJ (ECF No. 49, Sept. 27, 2017). As a result, Defendants' removal of this matter for a second time was procedurally improper, and the Court will grant Plaintiffs' Second Motion to Remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Second Motion to Remand (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.

Dated this 6th Day of December 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE